KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov
*Attorneys for Davis School District*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRENDA MAYES, as mother and guardian of Child Doe,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT; DAVE ROBERTS; JOHN NAISBITT, District Transportation Director; and JOHN and JANE DOES 1-10, in their official and individual capacities:<br><br>Defendants. | **STIPULATED MOTION FOR RELIEF FROM JUDGMENT OR ORDER**<br><br>Case No. 1:19-cv-00040<br><br>Judge Clark Waddoups |

Defendants Davis School District, Dave Roberts, John and Jane Does 1-10,

by and through counsel, Kyle J. Kaiser, Assistant Utah Attorney General,

Defendant John Naisbitt, by and through counsel, Rachel G. Terry, Assistant Utah

Attorney General, and Plaintiff Brenda Mayes, as mother and guardian of Child Doe, hereby move the Court for Relief from Judgment under Federal Rule of Civil Procedure 59(e), 60(a), and 60(b)(5).

This case was amicably settled in August 2019. Because the plaintiff was acting on behalf of a minor, the Court held a settlement hearing on August 8, 2019. The parties presented the settlement terms, including a payment of $62,500.

Essential terms of the settlement were included in a Release of All Claims. (*See* Ex. 1, attached hereto). They included:

- A payment term of $62,500.

- Plaintiff agreed to be bound by the Release, so long as the Court did not alter the payment term.

- A release of all claims, "of whatever kind or nature, known or unknown, which now exist or which may hereafter accrue, because of, for, arising out of or in any way connect to the incidents described in, or the claims made in the Lawsuit."

- An affirmative acknowledgment that the payment was "made for the purpose of compromising a disputed claim, so as to avoid the expense and burdens of litigation, and is not and shall not be construed as an admission of liability or wrongdoing of any kind."

- Upon execution, "Plaintiffs will file a stipulation for dismissal with prejudice in the Lawsuit, with each party to bear its own costs and fees."

Ex. 1 at 1–2.

Plaintiffs presented argument to the Court to support the settlement amount. The Court determined that "[t]he minor's settlement [of $62,500] is fair and reasonable under the circumstances," and the Court "approve[d] and affirm[ed]" that settlement. (Ord. (doc. 13) at 2 ¶ 1.) While the Court did not authorize an attorney fee payment in the amount requested by Counsel for Plaintiffs, the payment term of the parties' settlement—$62,500—remained the same.

After the Court approved the settlement, Ms. Mayes signed the Release of All Claims (*see* Ex. 1), and counsel for Plaintiffs received a check in the settlement amount and signed a Receipt of Full and Final Settlement Funds (attached hereto as Ex. 2).

Because of counsel for Plaintiffs' workload, and other personal and professional obligations, they neglected to file the stipulation for dismissal with prejudice, as required by Release and as contemplated by Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See id.* (recognizing that a stipulation of voluntary dismissal is filed "*By the Plaintiff.*").

The Court's chambers contacted counsel for all parties in September asking for the parties to enter a dismissal with prejudice. Although the Release required Plaintiffs to do so, neither party did so.

Today, the Court entered judgment "in favor of Plaintiff and against Defendants in the total amount of $62,500…." (Judgment, (doc. 14) at 1.)

The parties move to set aside and vacate that judgment, and request that the Court dismiss the case with prejudice. The judgment does not effectuate the intent of the parties, could have deleterious effects on the individual defendants, and is unnecessary because any monetary payment in the case has already been satisfied and released.

Federal Rule of Civil Procedure 60 provides bases to alter or amend a judgment and provide relief from a final judgment. Such motions must generally be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Judgments may be corrected if there is a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Further, a Court may "[o]n motion and just terms … relief a party … from a final judgment, order or proceeding" for a variety of reasons, including that "(1) mistake, inadvertence, surprise, or excusable neglect," or "(5) the judgment has been satisfied, released, or discharged." Fed. R.

Civ. P. 60(b)(5). Rule 60(b) "gives the court a grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (citations and quotations omitted).

In this case, the judgment should be vacated. First, The parties agreed to dismissal, in part, because of a disclaimer of liability—the settlement was executed "for the purpose of compromising a disputed claim, so as to avoid the expense and burdens of litigation, and is not and shall not be construed as an admission of liability or wrongdoing of any kind." The judgment entered by the Court at least implies liability for the claims alleged in Plaintiff's Complaint. There has been no finding of liability by the Court or a jury in this case, and the Judgment does not effectuate the parties' agreement in settling the case. Therefore, it would be unjust to allow the judgment to be maintained.

Second, the presence of a judgment could have deleterious effects on the defendants, including, but not limited to, effects on the individual defendants' credit. Defendants did not consent to the entry of judgment against them, *cf.* Fed. R. Civ. P. 68(a), and the currently entered judgment creates consequences that neither parties intended nor had the Court signaled at the hearing.

Third, the agreed settlement has already been satisfied, and Plaintiffs have acknowledged such. (*See* Ex. 2). If not corrected, this judgment could technically

allow Plaintiffs double recovery.  Vacation of the judgment is proper.  *See, e.g.*, *Caputo v. Monge*, No. 14cv277-LAB, 2018 WL 7204218, at * 1 (D. Idaho Nov. 26, 2018) (granting 60(b)(5) motion and vacating a judgment on motion of the parties when the parties settled the case after entry of the judgment).

Counsel for the Parties apologize to the Court for not filing a timely stipulation of dismissal with prejudice, despite the communication from the Court. However, the judgment entered by the Court does not effectuate the parties' settlement agreement, could cause unjust deleterious consequences to Defendants, and could result in a double recovery.

For those reasons, the parties respectfully request that the Court VACATE the judgment entered October 24, 2019, and in its place issue an order of dismissal, dismissing all claims with prejudice, with each party to bear its costs and fees, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (except as already agreed by the Parties, and all payments already provided by Defendants have fully satisfied all such obligations).

A proposed, stipulated order is attached hereto.

DATED: October 24, 2019

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General
*Attorney for Davis School District,
Dave Roberts, John & Jane Does 1-10*


OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Rachel G. Terry*
RACHEL G. TERRY
Assistant Utah Attorney General
*Attorney for John Naisbitt*


SYKES McALLISTER

*/s/ Alyson McAllister*
ROBERT SYKES
ALYSON MCALLISTER
*Attorneys for Plaintiff*